UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal Case No. 06-348 (JR) |
| | : | |
| v. | : | Plea Hearing: January 23, 2007 |
| | : | |
| **SHANEL L. HACKETT,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

NOTICE OF FILING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby requests that the attached plea letter dated, December 21, 2006, be made part of the record in this case.

    Respectfully submitted,
    JEFFREY A. TAYLOR
    UNITED STATES ATTORNEY


    _____
    AARON H. MENDELSOHN
    Assistant United States Attorney
    Bar No. 467-570
    Federal Major Crimes Section
    555 4th Street, N.W. (Room 4239)
    Washington, D.C. 20530
    (202) 514-9519

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I will cause a copy of the foregoing to be served by electronic filing upon the attorney for the defendant, Rita Bosworth, Esquire, Esquire this 21st day of December, 2006.

    _____
    Aaron H. Mendelsohn
    Assistant United States Attorney



**U.S. Department of Justice**
United States Attorney
*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20530*

December 21, 2006

Rita Bosworth, Esq.
Office of the Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, DC 20004

      Re:    <u>United States v. Shanel L. Hackett</u>

Dear Ms. Bosworth:

      This letter sets forth the full and complete plea agreement with your client, Ms. Shanel L. Hackett (your client). This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia (hereafter "the government" or "this Office" or "USAO-DC"). Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

      1.    **Charges:** Ms. Hackett agrees to waive Indictment and plead guilty by Information to a violation of 18 United States Code § 656 (Bank Embezzlement). By pleading guilty pursuant to this plea agreement, Ms. Hackett hereby waives her right to trial by jury on any issues relevant to guilt or sentencing. It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Ms. Hackett and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Ms. Hackett agrees that the attached "Statement of the Offense" fairly and accurately describes Ms. Hackett's actions and involvement in the embezzlement. It is anticipated that prior to or during the Rule 11 plea hearing, Ms. Hackett will adopt and sign the Statement of the Offense as a written proffer of evidence.

      2.    **Potential penalties, assessments, and restitution:** Ms. Hackett understands that the maximum sentence that can be imposed is one year imprisonment, a fine of $100,000 (per 18 U.S.C. § 3571(b)(5)), or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $25 special assessment, a one-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Ms. Hackett understands that the sentence to be imposed in this case will be determined by the Court, guided by the factors enumerated in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, <u>Guidelines Manual</u> (2004) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Ms. Hackett understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations, or predictions regarding what sentence the

Court will impose.

    3.    **Federal Sentencing Guidelines:** The parties agree that based on the facts currently known to the government, the following is a correct calculation of all relevant Sentencing Guideline factors:

§2B1.1

    (a) Base Offense Level        6

§2B1.1

    (b)(1)(B) Loss more that $5,000        +2

§ 3E1.1

    (d) Acceptance of Responsibility        -2

    TOTAL ADJUSTED OFFENSE LEVEL        6

Ms. Hackett and this Office agree that a sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines as set forth in this paragraph would be a reasonable sentence for defendant Shaw in this case. In the event that this plea offer is either not accepted by Ms. Hackett or is accepted by your client but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

    4.    **Financial Arrangements:** Ms. Hackett agrees that prior to or at the time of the sentencing, she will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $25.00, to cover the special assessment, as required in 18 U.S.C. § 3013; she also agrees to pay restitution in the amount to be determined by the Court. Ms. Hackett also agrees to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

    5.    **Government Concessions:** In exchange for her guilty plea, the government agrees not to oppose a two-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, provided that your client continues to show her acceptance of responsibility, as set forth in U.S.S.G. § 3E1.1, by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for

her release by the Court.  Also, subject to other paragraphs in this agreement, the government will not bring any additional criminal charges against Ms. Hackett in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offenses outlined in the attached Statement of Offense.

      6.      **Reservation of Allocution:**  The government reserves its full right of allocution, including, among other things, the right:  (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of your client's criminal activities, subject to the provisions of the following paragraph.

      If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

      7.      **Breach of Agreement:**  Ms. Hackett agrees that if she fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, and/or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of this plea agreement.  Moreover, if during an investigation or prosecution Ms. Hackett should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the government may prosecute her for these offenses to the fullest extent provided by law.  In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of your client's release (for example, should Ms. Hackett commit any conduct after the date of this agreement that would form the basis for an increase in Ms. Hackett's offense level or justify an upward departure -- examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court -- the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Ms. Hackett will not have the right to move to withdraw the guilty plea; (c) Ms. Hackett shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the government will be free to use against Ms. Hackett, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this agreement.

      In the event of a dispute as to whether Ms. Hackett has breached this agreement, and if Ms. Hackett so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

8. **USAO-DC's Criminal Division Bound:** Ms. Hackett understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Hackett.

9. **Complete Agreement:** No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Hackett, Ms. Hackett's counsel, and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Ms. Hackett may indicate her assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Ms. Hackett and her counsel.

Sincerely yours,
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

_____
Aaron Mendelsohn
Assistant United States Attorney
555 Fourth Street, NW (Room 4239)
Washington, D.C. 20530
(202) 514-9519

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date:_____        _____
                              Shanel L. Hackett
                              Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: _____       _____
                              Rita Bosworth, Esquire
                              Attorney for the Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal Case No. 06-348 (JR) |
| | : | |
| v. | : | Plea Hearing: January 23, 2007 |
| | : | |
| SHANEL L. HACKETT, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## STATEMENT OF THE OFFENSE

Pursuant to Fed. R. Cr. P. 11, Defendant SHANEL HACKETT agrees and stipulates as follows:

Beginning in approximately 2004, through up to and including June 2006, Shanel Hackett worked as a teller at two Wachovia Bank branches, the first located at 20th Street and L Street, N.W., and the second located at 1100 Connecticut Avenue, N.W., in Washington, D.C. At all relevant times, Wachovia Bank was a financial institution operating in the District of Columbia and elsewhere with deposits insured by the Federal Deposit Insurance Corporation.

At all times relevant to this matter, Ms. Hackett was an employee-teller at Wachovia Bank at its 1100 Connecticut Avenue, N.W. location - a branch within the District of Columbia. Beginning in or about April 2006, and continuing up to in or about June 2006, Ms. Hackett executed a scheme to embezzle money, that is, United States currency, from Wachovia Bank by using her position as a teller to gain access to cash and willfully embezzle, abstract, purloin and steal money by removing United States currency from money straps under her control and converting the money to her own use. On approximately nine occasions from in or about April 2006, and continuing up to in or about June 2006, Ms. Hackett willfully and knowingly removed twenty dollar bills from money straps under her control and replaced the twenty dollar bills with one dollar bills, without the

permission of Wachovia Bank, and converted the money for her own use. Specifically, during these three months, sixteen straps under Ms. Hackett's control were missing twenty-five twenty dollar bills, for a total loss to Wachovia Bank of $7,600.

On or about June 27, 2006, a Wachovia Investigator interviewed Ms. Hackett after it was discovered that twenty-five twenty dollar bills were missing from a money strap prepared by her. Ms. Hackett admitted that on multiple occasions she embezzled currency from Wachovia Bank by removing substantial amounts of currency from money straps under her control and converted the money to pay for personal expenses, including expenses associated with her car, rent, and day care. At that time, Ms. Hackett returned $52 to Wachovia Bank and left the branch without further incident.

Through her scheme, Defendant Hackett has caused the loss of at least $7,548.00 to Wachovia Bank.

                              Respectfully submitted,

                              JEFFREY A. TAYLOR
                              United States Attorney
                              for the District of Columbia

By: _____
      AARON H. MENDELSOHN
      Assistant U.S. Attorney
      555 4th Street, N.W. (Room 4239)
      Washington, D.C. 20530
      (202) 514-9591

## DEFENDANT'S ACCEPTANCE

I have read every word of this Statement of Offense. Pursuant to Fed. R. Cr. P. 11, after consulting with my attorney, I agree and stipulate to this Statement of Offense.

Date:_____   _____
                              Shanel L. Hackett
                              Defendant

I have discussed this Statement of Offense with my client, Ms. Hackett. I concur with her decision to stipulate to this Statement of Offense.

Date: _____   _____
                                    Rita Bosworth, Esq.
                                    Counsel for the Defendant