**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** ) | | |
| ) | **Cr. No. 06-348 (JR)** | |
| **v.** ) | | |
| ) | | |
| **SHANEL HACKETT** ) | | |
| ) | | |

**DEFENDANT'S MEMORANDUM  IN AID OF SENTENCING**

Defendant, Shanel Hackett, through undersigned counsel, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, including the United States Sentencing Guidelines, Ms. Hackett respectfully asks the Court to sentence her to probation.

**BACKGROUND**

On December 5, 2006, the government filed a one-count Information against Ms. Hackett. On January 29, 2007, Ms. Hackett pled guilty, in accordance with a written plea agreement, to Count 1 of the Information, which charged her with Bank Embezzlement in violation of 18 U.S.C. § 656.  Ms. Hackett is scheduled to be sentenced before this Court on April 24, 2006, at 9:30 a.m.

**DISCUSSION**

I.      **UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MS. HACKETT SHOULD RECEIVE A SENTENCE OF PROBATION**

A.      Statutory Provisions

Pursuant to the applicable statute, the maximum term of imprisonment for the offense at issue is one year.

B.    Advisory United States Sentencing Guidelines

_____(I).    *Applicable Guideline Range*

The probation office, consulting the 2006 edition of the advisory guidelines, has

concluded that the base offense level is 6, and that Ms. Hackett's criminal history score is 0,

resulting in an advisory guideline range of 0-6 months.  The advisory guidelines state that

probation is permissible in this case.

C.    Ms. Hackett Should Receive A Sentence Of Probation

*I. Nature of the Offense*

While Ms. Hackett in no way wishes to diminish the seriousness of her offense, the crime

to which she pled guilty was neither a crime of violence nor a drug-related offense.  She submits

that her sentence should be consistent with the Federal Sentencing Scheme, which indicates that

in sentencing, Courts should consider as a governing rationale "the general appropriateness of

imposing a sentence other than imprisonment in cases in which the defendant has not been

convicted of a crime of violence or otherwise serious offense."  Comment Note to 18 U.S.C. §

3551 (reciting legislative history of federal sentencing scheme).

*II. Characteristics of the Defendant*

Ms. Hackett's primary concern is the well-being of her 10-year old daughter, Ciara.  As a

single mother who receives no support from Ciara's father, it is up to Ms. Hackett to take care of

herself and her child.  This has not been easy, and it was her financial predicament which led her

to commit the instant offense.  She is not someone who spends money on luxury items, she is

someone who struggles to pay the bills.  As the PSR notes, Ms. Hackett used the money she

obtained to pay for her "car, rent, and daycare."  PSR at ¶ 8.  The probation officer saw Ms.

Hackett's financial troubles first hand on her home visit, where she observed that the apartment had "no furniture and only a few dishes. . . . [Ms. Hackett and her daughter] sleep in sleeping bags and throw-pillows in he bedroom.  Their apartment was sparingly decorated."  PSR at ¶ 30. Clearly Ms. Hackett has never had very much money, and she has had to survive with very little support from anyone else.

Nevertheless, up until this point, Ms. Hackett managed to make the best of her circumstances.  She does not have a criminal history and she has always been gainfully employed.  She is a dedicated employee who works full time and gets along well with her co-workers.  Though Ms. Hackett has rocky relationships with her parents, she does her best to remain in touch and include them in her life.

This has been a very difficult experience for Ms. Hackett.  She has felt shame, humiliation, disappointment in herself, and utter embarrassment.  She knows that what she did was foolish, inappropriate, and, above all, against the law, and she will not make this mistake again.  She is more than ready to get on with her life and do her best to make the victim in this case whole.

*III. Appropriate Sentence*

Given all the circumstances, it would appropriate in this case to sentence Ms. Hackett to a period of probation.  The primary concern in this case is the money that was taken and the organization that suffered as a result.  The remedy is for the bank to be made whole again.  Ms. Hackett is extremely remorseful and is committed to paying back the restitution in full.  A sentence of probation would punish Ms. Hackett and allow the Court to keep an eye on her, but it would also take into account the fact that this was a relatively small sum of money and recognize

that Ms. Hackett is acting responsibly by agreeing to pay everything back, just as she acted

responsibly in owning up to her behavior and taking a pre-indictment plea . Sentencing Ms.

Hackett to probation would also prevent severe financial and emotional disruption to her

daughter, who depends on her and her alone for support. Finally, probation is appropriate

because Ms. Hackett is not likely to re-offend, and the community would benefit more from

having her work as a productive member of society than paying for her to be locked up in a

facility somewhere.

## CONCLUSION

_____For the reasons set forth above, as well as for any others the Court may deem fair and

reasonable, Ms. Hackett asks the Court to sentence her to probation. Such a sentence would be

sufficient, but not greater than necessary, to comply with the purposes of sentencing.

Respectfully submitted,

A.J. Kramer
Federal Public Defender


_____/s/_____
Rita Bosworth
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C.  20004
(202) 208-7500 ext.126