HONORABLE JAMES ROBERTSON, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: <u>CR-06-348-01</u> |
| | : | |
| vs. | : | SSN: _____ |
| | : | |
| HACKETT, Shanel | : | Disclosure Date: <u>March 19, 2007</u> |

**FILED**
APR 2 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

**For the Government**
(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____   _____
Prosecuting Attorney                          Date

**For the Defendant**
(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
(✓) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____   _____
Defendant              Date                 Defense Counsel       Date

Rita Bouett  3/26/07

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by <u>April 2, 2007</u>, to U.S. Probation Officer <u>Monica Johnson</u>, telephone number <u>(202) 565-1332</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By:  Gennine A. Hagar, Chief
     United States Probation Officer

**Receipt and Acknowledgment**                                    Page 2

Page 10, #54: Ms. Hackett's daughter attends public school, so she does not pay tuition. She pays $105/week in childcare expenses. This is a necessary living expense because Ms. Hackett is at work for 2 hours before and after her daughter is in school and nobody else can care for her.

Page 10, #54: Ms. Hackett's cell phone is her only form of communication. She does not have a land telephone line. It is therefore a necessary living expense.

Signed by: _Rita Bosworth_
(Defendant/Defense Attorney/AUSA)

Date: 3/26/07